## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| CARLA TAULBEE, | CIVIL ACTION NO. 5:24-CV-263-KKC |
| **Plaintiff,** | |
| v. | **OPINION AND ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| **Defendant.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff Carla Taulbee's appeal of her denial of social security benefits and Motion for Summary Judgment. (DEs 12, 18.) Defendant Commissioner of Social Security has responded in opposition, seeking affirmance of the underlying decision. (DE 16.) The Court, having reviewed the record, will deny Taulbee's appeal and affirm the Commissioner's decision.

### I.

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (citation and quotation marks omitted). To determine whether a claimant has a compensable disability under the Social Security Act (the "Act"), the ALJ applies a five-step sequential process. 20 C.F.R. § 404.1520(a)(1), (4); *see also Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 834 n.6 (6th Cir. 2016). The five steps include the following:

> *Step 1:* If the claimant is doing substantial gainful activity, the claimant is not disabled.
>
> *Step 2:* If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her

1

> physical or mental ability to do basic work activities—the claimant is not disabled.
>
> *Step 3:* If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his or her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.
>
> *Step 4:* If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
> *Step 5:* If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x. 162, 169 (6th Cir. 2016).

If, at any step in the process, the ALJ concludes that the claimant is or is not disabled, the ALJ can then complete the "determination or decision and [the ALJ] do[es] not go on to the next step." § 404.1520(a)(4). In the first four steps of the process, the claimant bears the burden of proof. *Sorrell*, 656 F. App'x. at 169 (quoting *Jones v. Comm'r of Soc. Sec.* 336 F.3d 469, 474 (6th Cir. 2003)). If the claim proceeds to step five, however, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity . . . and vocational profile." *Id.* (citation and quotation marks omitted); *see also* § 404.1520(g)(1).

In denying Taulbee's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Act. § 404.1520(a); *see, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Taulbee had not engaged in substantial gainful activity since November 7, 2020, the alleged onset date. (Administrative Record ("AR") at 19.)

At step two, the ALJ determined that Taulbee suffers from the following medically determinable severe impairments: temporomandibular joint dysfunction; trigeminal

neuralgia and chronic headaches; status post parotid mass excision; hypertension; and obesity. (*Id.*)

At step three, the ALJ found that Taulbee did not have an impairment or combination of impairments that meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 21.)

At step four, the ALJ assessed Taulbee's residual functioning capacity ("RFC"). (*Id.* at 22.) In making this assessment, the ALJ considered all of Taulbee's symptoms to the extent that they could reasonably be accepted as consistent with objective medical evidence and other evidence. The ALJ further considered and weighed the medical opinions and prior administrative medical findings in accordance with the requirements of 20 C.F.R. § 404.1520(c). The ALJ concluded that Taulbee has the RFC to perform "light work" subject to some physical limitations. (*Id.*) As a result, the ALJ found that Taulbee was unable to perform any of her past relevant work. (*Id.* at 26.)

At step five, the ALJ relied on vocational expert ("VE") testimony to find that Taulbee was able to perform other work existing in the national economy. (*Id.* at 27.) These jobs included representative occupations such as Ticket Taker; Office Helper; and Mail Clerk. (*Id.* at 28.) The ALJ then concluded that Taulbee was not disabled under the Act. (*Id.*)

The ALJ's decision became the final decision of the Commissioner when the Appeals Council affirmed the decision. *See* 20 C.F.R. § 422.210(a). Taulbee subsequently exhausted her administrative remedies and filed an appeal in this Court. Now that her appeal has been properly briefed, this case is ripe for review under 42 U.S.C. § 405(g).

## II.

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 783 (6th Cir.

3

2017). The Court must look to the record to determine whether the ALJ's decision is supported by substantial evidence—which has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). The ALJ's decision must be read holistically. *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013).

Taulbee presents the following arguments on appeal: (1) that the ALJ relied on false information in reaching his decision; (2) that the ALJ was negligent in reaching his decision; (3) that additional evidence exists that shows she has determinable mental and physical impairments that keep her from engaging in substantial gainful activity; and (4) that she is entitled to full social security benefits since her onset date. Yet "[g]iven the lack of specific arguments, and in view of [the plaintiff's] pro se status, the Court will review the entirety of the ALJ's decision to ensure the Commissioner's decision was supported by substantial evidence and contained no legal error[.]" *Ward v. Saul*, No. 18-68-DLB, 2020 U.S. Dist. LEXIS 14659, *7 (E.D. Ky. Jan. 29, 2020).

First, the ALJ found that Taulbee had not engaged in substantial gainful activity since the alleged onset date of November 7, 2020. (AR at 19.) He based this finding on Taulbee's submitted earning records. This finding is not contested. Accordingly, the Court finds that this step was supported by substantial evidence.

Second, the ALJ found that Taulbee had the following severe impairments: temporomandibular joint dysfunction; trigeminal neuralgia and chronic headaches; status post parotid mass excision; hypertension; and obesity. (*Id.*) Taulbee appears to assert that the ALJ erred in finding "obesity" and "trigeminal neuralgia and chronic headaches" to be severe because she claims that she is not obese and that her chronic headaches are caused by something other than trigeminal neuralgia. (DE 12 at 2.) Yet this argument fails because, even taking Taulbee's argument at face value, she fails to show how the alleged error

4

prejudiced her. *Roberts v. Berryhill*, No. 2:17-cv-94-GFVT, 2018 U.S. Dist. LEXIS 145338, *7 (citing *Shinseki v. Sanders*, 556 U.S. 396, 408–09 (2009)) (explaining that to set aside an ALJ's order, the ruling must be both erroneous and prejudicial to the claimant).

Taulbee cannot show prejudice in this instance because the ALJ counted *additional* severe impairments when deciding on her social security claim. If anything, this granted more weight to Taulbee's underlying claim. Because Taulbee cannot show prejudice for these specific errors, the Court finds that this step was supported by substantial evidence.

Third, the ALJ found that Taulbee did not have an impairment or combination of impairments that meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 21.) He correctly compared Taulbee's severe impairments to the listed impairments, finding that none satisfy the criteria of any listings. (*Id.*) While Taulbee contests that her hypertension is worse than the ALJ found, the ALJ's decision shows that he considered her hypertension and found that it would be evaluated under listing 4.02 only if it causes chronic heart failure. (*Id.*) He notes that there is no indication of chronic heart failure in Taulbee's medical history. (*Id.*) Accordingly, the Court finds that this step was supported by substantial evidence.

Fourth, the ALJ found that Taulbee has the RFC to perform light work with some physical limitations. (*Id.* at 22.) He based this finding by considering all of Taulbee's symptoms and to the extent that they can reasonably be accepted as consistent with the objective medical evidence and other evidence in the record. He found that Taulbee's claims regarding the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the record. (*Id.* at 23.) He noted that the record showed "significant improvement" of her symptoms with treatment and that she "travelled, exercised, and engaged in extra activities during the relevant period despite her alleged level of limitations."

(*Id.*) He also pointed to the objective medical evidence, which showed that: (1) Taulbee's temporomandibular joint dysfunction had remained stable with treatment; (2) her trigeminal neuralgia and chronic headaches have remained stable with conservative treatment; and (3) she had a normal gait. (*Id.* at 24.) Yet the ALJ nonetheless included limitations on her light work RFC due to her hypertension and trigeminal neuralgia. (*Id.*)

The ALJ also considered the medical opinions of various professionals, explaining why he found each one persuasive or unpersuasive. (*Id.* at 25–26.) He relied on these opinions to find that while it was appropriate to impose some physical limitations on her light work RFC, there was insufficient evidence showing limitations in any area of mental functioning. (*Id.*) Accordingly, the Court finds that this step was supported by substantial evidence.

Fifth, the ALJ found that Taulbee was unable to perform any past relevant work. (*Id.* at 26.) Taulbee previous worked as a Warehouse Worker, characterized as unskilled work at the medium exertional level; a Salesperson, general merchandise, characterized as a semi-skilled occupation with an SVP value of three at the light exertional level; a Waitress, informal, characterized as a semi-skilled occupation with an SVP value of three at the light exertional level; a Short Order Cook, characterized as a semi-skilled occupation with an SVP value of three at the light exertional level; and a Counter Attendant, characterized as unskilled work at the light exertional level. (*Id.* at 27.) Relying on the vocational expert's testimony, the ALJ found that Taulbee could not perform these prior occupations. (*Id.*) Accordingly, the Court finds that this step was supported by substantial evidence.

Finally, the ALJ found that jobs existed in significant numbers in the national economy that Taulbee could perform. (*Id.*) The testifying vocational expert asserted that Taulbee, with her assigned RFC, could perform unskilled jobs at the light exertional level such as Ticket Taker; Office Helper; and Mail Clerk. (*Id.* at 28.) An ALJ is entitled to rely on

the testimony of the vocational expert in reaching his decision. *Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir. 2003) (citing *Varley v. Sec. of Health & Human Svcs.*, 820 F.2d 777, 779 (6th Cir. 1987) ("Substantial evidence may be produced through reliance on the testimony of a vocational expert . . . .")). The ALJ further found that the vocational expert's testimony was consistent with the Dictionary of Occupational Titles ("DOT") and that the vocational expert relied on her training and experience in addressing limitations not covered by the DOT.  (AR at 28.) Accordingly, the Court finds that this step was supported by substantial evidence.

While Taulbee argues that new evidence supports an award of social security benefits, the Court cannot consider such evidence for the purposes of this appeal. "[E]vidence submitted to the Appeals Council after the ALJ's decision cannot be considered part of the record for purposes of substantial evidence review." *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 838 (6th Cir. 2016) (citing *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)). Taulbee wishes the Court, in deciding her appeal, to consider documentation of multiple appointments with her chiropractor taking place in June 2023. But this Court is "not in the position to consider new evidence in deciding whether to uphold, modify, or reverse the ALJ's decision." *Id.* at 839 (citing *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996)) (quotation marks omitted). Thus, the Court will decline to consider this new evidence.

## III.

For the above reasons, the Court **HEREBY ORDERS** that:

1) Taulbee's appeal of her denial of social security benefits and Motion for Summary Judgment (DEs 12, 18) are DENIED;

2) the decision of the Commissioner is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g), in that it was supported by substantial evidence; and

3) a judgment will be entered contemporaneously with this order.

July 1, 2025

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY